IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-60318
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ISAAC COLEMAN, also known as Ike,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Mississippi
(97-CR-150)
--------------------

January 21, 2000

Before POLITZ, JONES, and WIENER, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Isaac Coleman argues that because (1) he was not aware that he was being stopped by law enforcement officials and (2) he did not assault the officers with the intent to create a substantial risk of harm to them, the district court erred at sentencing in increasing his offense level pursuant to U.S.S.G. § 3A1.2(b).

The preponderance of the evidence presented at sentencing and in the presentence report (PSR) reflects that Coleman was stopped by officers wearing clothing identifying them as policemen and that

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the officers made their official status known to Coleman as they approached his vehicle. Additionally, Coleman's subsequent conduct of abandoning his vehicle and not reporting the incident to the police further indicated that he was aware that he was being pursued by law enforcement officers.

The preponderance of the evidence also reflects that Coleman struck one of the officers causing him injury, and that Coleman recklessly operated his vehicle in a manner which subjected all the officers present to a substantial risk of bodily harm. See § 3A1.2, comment. (n.5, n.6). The district court's imposition of the enhancement under § 3A1.2(b) was a correct application of the guidelines and its factual findings were not clearly erroneous. See United States v. Montoya-Ortiz, 7 F.3d 1171, 1179 (5th Cir. 1993).

Coleman also argues that the district court erred in increasing his offense level pursuant to § 2D1.1(b)(1) for possession of a weapon. The preponderance of the evidence shows that the weapon was found in Coleman's bedroom in the house where he had conducted a drug transaction with a confidential informant. Also, large amounts of drugs and drug paraphernalia were found in the house. The cash given to Coleman by the confidential informant was discovered in close proximity to the gun. The evidence did not reflect that it was clearly improbable that the weapon was connected to the drug-trafficking offense. The district court was correct in making the adjustment under § 2D1.1(b)(1). See §

2

2D1.1(b)(1), comment. (n.3); <u>United States v. Mitchell</u>, 31 F.3d 271, 277 (5th Cir. 1994).

Coleman further argues that the district court plainly erred at sentencing in determining the amount and type of drugs attributable to him. Coleman did not make these objections in the district court and, thus, this issue is subject to review for plain error only. <u>United States v. Calverley</u>, 37 F.3d 160, 162 (5th Cir. 1994) (en banc). As this is a challenge to the district court's factual findings and the sentence imposed on Coleman was within the statutory range, his claim does not rise to the level of plain error. <u>See</u> <u>Robertson v. Plano City of Texas</u>, 70 F.3d 21, 23 (5th Cir. 1995).

Finally, Coleman argues that the district court plainly erred in failing to advise him at the time of his guilty plea that he was subject to an enhanced sentence under the guidelines. The district court advised Coleman of the mandatory minimum and the maximum penalty that he could receive. Coleman was also advised that the Sentencing Guidelines would be considered at sentencing. The district court's advice was sufficient under Fed. R. Crim. P. 11 and did not constitute plain error.

Coleman's conviction and sentence are AFFIRMED.